IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEIONTAE THOMAS-KING, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-20-2384 |
| WASHINGTON MD DETENTION CENTER, | * | |
| CAPTAIN D. MOORE, | | |
| DEPUTY FRANCESCONI, | * | |
| SGT. ZERKLE, | | |
| DFC. NOONAN, | * | |
| DFC. KENNEDY, | | |
| DFC. TOMAS, | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

In response to the above-titled civil rights complaint, Defendants Washington MD Detention Center, Captain D. Moore, Deputy Francesconi, Sgt. Zerkle, Dfc. Noonan, Dfc. Kennedy, and Dfc. Tomas filed a Motion to Dismiss. ECF 6.  Plaintiff was advised of his opportunity to respond to the motion (ECF 7) but has filed nothing further.  The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6. For the reasons that follow, defendants' motion will be granted.

### Background

In his Complaint, plaintiff Keiontae King-Thomas, alleges that on July 26, 2020, while housed at Washington County Detention Center ("WCDC") in Hagerstown, Maryland, he was beaten by staff and his property, including legal documents, was taken and not returned.  ECF 1, p. 2.  He also states that he was called racial slurs. *Id*.  Plaintiff attached to his Complaint a copy of the grievance he filed on August 3, 2020, regarding the incident.  ECF 1-1, p. 2. On August 10, 2020, Captain Moore responded to the grievance explaining that review of the video evidence and discussions with staff did not support plaintiff's version of events. *Id*., p. 1.  That same day, plaintiff prepared the instant complaint, that was received for filing on August 17, 2020.  ECF 1, p. 3.

As a result of the July 26, 2020 incident, plaintiff was charged with resisting or interfering with staff; refusing or failing to obey orders/insubordination; committing an act, not otherwise listed as a prohibited act, which poses a risk to the safety of the facility; refusing/failing to obey orders; disorderly conduct; and showing disrespect to staff. *Id*., p. 4. After a hearing, plaintiff was found guilty of all six counts and sentenced to 60 days disciplinary confinement. *Id*. Plaintiff's appeal of the outcome of the disciplinary hearing was denied. *Id*., pp. 3-4.

Defendants explain that WCDC has an Inmate Grievance Procedure which provides that if an inmate's grievance cannot be informally resolved with staff, the detainee may request and file an Inmate Grievance Form. ECF 6-1. A Captain, or designee, will investigate the grievance and respond within 15 days of receipt of the grievance. *Id*. If the grievant is dissatisfied with the outcome, he or she has seven days to send a written appeal to the Warden stating the reasons for disagreement with the decision and what relief is sought. *Id*. The Warden will notify the grievant of his decision, in writing, within 15 days from the date the appeal is received. *Id*. Plaintiff did not file a written appeal of the denial of his grievance. ECF 6-2, ¶¶ 6–7 (Warden Rowe Aff.).

## Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary

judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines v. Valley Community Services Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted).

## Analysis

Defendants contend that plaintiff's complaint is subject to dismissal pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, because he did not properly present his claims through the administrative remedy procedure. ECF 6. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 3d 674, 682 (4th Cir. 2005). Nevertheless, a claim that has not been exhausted may not be considered by this Court. *See*

3

*Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory, and a court usually may not excuse an inmate's failure to exhaust. *See Ross v. Blake*, 578 U.S. __, 136 S.Ct. 1850, 1856-57 (2016).

Ordinarily, a detainee must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines[.]" *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). But the court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

To pursue a grievance, a detainee confined at WCDC first files a grievance with a Captain or their designee. If unsatisfied with the result of the grievance the detainee must file a written appeal to the Warden. ECF 6-1.

While plaintiff initiated the grievance process, he did not file a grievance appeal to the Warden as required by WCDC policy.  ECF 6-1; ECF 6-2. As discussed above, the PLRA requires that inmates exhaust all available remedies. Because plaintiff failed to do so, the court will dismiss plaintiff's complaint.

A separate Order follows.

____May 5, 2021_____  _____/S/_____
Date                                                  Catherine C. Blake
                                                      United States District Judge